UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| USEC INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:09-CV-4 |
| ) | (PHILLIPS/SHIRLEY) |
| DAVID EVERITT and ) | |
| MERRICK & COMPANY, ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM AND ORDER

This civil action is before the Court pursuant to 28 U.S.C. § 636(b), the Rules of this Court, and by the Order [Doc. 15] of the Honorable Thomas W. Phillips, United States District Judge, for disposition of the plaintiff's Motion for Expedited Discovery. [Doc. 14] On January 21, 2009, the Court conducted a telephonic hearing on the instant motion. Attorney Melinda Meador appeared on behalf of the plaintiff, and attorneys Kelli Thompson and Kevin Allis appeared on behalf of the defendants. After the hearing, the Court took the motion under advisement and it is now ripe for adjudication.

**I.   Relevant Facts**

Plaintiff USEC Inc. ("USEC") is a Delaware corporation involved in the enrichment of uranium. [Doc. 1 at ¶ 10] Defendant David Everitt ("Everitt") began working at USEC's facility in Oak Ridge, Tennessee, on July 10, 2006, as an Engineer IV, and worked his way up to Engineering Manger for American Centrifuge Program Technology and Process Engineering Organization. [Id. at ¶ 2] As a condition of his employment with USEC, Everitt entered into a Confidentiality, Non-compete, Non-solicitation, and Assignment Agreement (the "Agreement")

which, in pertinent part, precluded Everitt from disclosing USEC's proprietary information and from engaging in any activity in competition with USEC for a period of three years following the termination of Everitt's employment with USEC. [Id. at ¶¶ 18-22]

Everitt remained with USEC until January 2, 2009, at which point he resigned to accept employment with defendant Merrick & Company ("Merrick"), an agent of one of USEC's competitors, GE-Hitachi. [Id. at ¶ 2] Everitt began working for Merrick on January 5, 2009, as a Deputy Project Manager for Merrick at Merrick's Oak Ridge facility. [Id.] USEC filed the instant action on January 6, 2009, alleging that Everitt's employment with Merrick is in violation of the Agreement, that USEC faced ongoing damage from Everitt's violation of the Agreement, and seeking a Temporary Restraining Order ("TRO") precluding Everitt from any further breach of the Agreement. [Docs. 1, 4] On January 8, 2009, the District Court scheduled a hearing on USEC's request for a TRO/preliminary injunction for February 12, 2009. [Doc. 9] On January 9, 2009, USEC filed a motion to expedite the hearing [Doc. 11], as well as the instant motion seeking expedited discovery. [Doc. 14] The motion to expedite the injunction hearing was denied, and the hearing remains scheduled for February 12, 2009. [Doc. 16]

**II.     Positions of the Parties**

The plaintiff seeks leave of the Court to take discovery outside the schedule provided by the Federal Rules of Civil Procedure. As grounds the plaintiff states that it will suffer "irreparable damage from Defendant Everitt's continuing working relationship with Merrick." [Doc. 14] The defendant opposes the motion, arguing that plaintiff should not be allowed to take discovery prior to the injunction hearing scheduled for February 12, 2009. Other than general citations by USEC

to the rules governing the timing of discovery, neither party cites to any case law addressing the issues before the Court.

**III.     Analysis**

Rule 26 of the Federal Rules of Civil Procedure provides, in pertinent part, that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). Rule 30 of the Federal Rules of Civil Procedure provides, in pertinent part, that:

> [a] party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(2): if the parties have not stipulated to the deposition and . . . the party seeks to take the deposition before the time specified in Rule 26(d), unless the party certifies in the notice, with supporting facts, that the deponent is expected to leave the United States and be unavailable for examination in this country after that time.

Fed. R. Civ. P. 30(a)(2)(A)(iii).

During the hearing, the parties agreed that they had not yet conducted their Rule 26(f) conference, nor do the defendants stipulate to the depositions in question. Additionally, there is no evidence that the defendants will leave the country and be unavailable, or that any other exception to the normal discovery schedule applies to this case. Accordingly, USEC may obtain the discovery in question only by leave of the Court, which the Court must grant "to the extent consistent with Rule 26(b)(2)." The Advisory Committee Notes to Rule 26 further indicate that:

> Discovery can begin earlier [than the limitation established by Rule 26(d)(1)] if authorized under Rule 30(a)(2)(C)[1] (deposition of person

---

[1] Rule 30 has been amended since the notes in question, and the appropriate cite would now be Rule 30(a)(2)(A).

3

> about to leave the country) or by local rule, order, or stipulation. **This will be appropriate in some cases, such as those involving requests for a preliminary injunction** or motions challenging personal jurisdiction.

Fed. R. Civ. P. 26(d) 1993 Advisory Committee Notes (emphasis added). Thus, the notes to Rule 26 clearly indicate that expedited discovery may be appropriate in relation to a request for a preliminary injunction.

In addition, the Court notes that the Bankruptcy Court of the Eastern District of Tennessee recently addressed a similar issue in the case of <u>In re Paradise Valley Holdings, Inc.</u>, No. 03-34704, 2005 Bankr. LEXIS 2951 (Bankr. E.D. Tenn. Dec. 29, 2005). In that case, the court was also faced with a request to expedite discovery. The discovery request was denied for failure by the moving party to serve the motion on the opposing parties, but the court also engaged in a substantive analysis of the request. In addressing the proper standard for ruling on a request for expedited discovery, the court cited to relevant case law, drawn from various United States District Courts, and that same case law is relevant to the instant dispute. Specifically, the court held that:

> "'Although [Rule 26(d)] does not say so, it is implicit that some showing of good cause should be made to justify [an order allowing expedited discovery].'" <u>Mitra v. State Bank of India</u>, 2005 U.S. Dist. LEXIS 19138, at *26 (S.D.N.Y. Sept. 6, 2005) (quoting Charles Alan Wright, et al., 8 FEDERAL PRACTICE & PROCEDURE CIVIL § 2046.1 at 592 (2d ed. 1994)). "[W]here a plaintiff seeks expedited discovery to prepare for a preliminary injunction hearing, it makes sense to examine the discovery request, as we have done, on the entirety of the record to date and the reasonableness of the request in light of all of the surrounding circumstances[.]" <u>Merrill Lynch, Pierce, Fenner & Smith v. O'Connor</u>, 194 F.R.D. 618, 624 (N.D. Ill. 2000). "Because [e]xpedited discovery is not the norm[, the] Plaintiff must make some prima facie showing of the need for the expedited discovery." <u>O'Connor</u>, 194 F.R.D. at 623. Additionally, when applying the good cause standard, "the court should consider the scope of the requested discovery." <u>Qwest Commc'ns Int'l Inc. v. Worldquest Networks, Inc.</u>, 213 F.R.D. 418, 420 (D. Colo. 2003).

4

> "Good cause may be found where the plaintiff's need for expedited discovery outweighs the possible prejudice or hardship to the defendant." Metal Bldg. Components, LP v. Caperton, 2004 U.S. Dist. LEXIS 28854, at *10 (D.N.M. Apr. 2, 2004). Good cause is usually found in cases involving requests for injunctive relief, challenges to personal jurisdiction, class actions, and claims of infringement and unfair competition. See Mitra, 2005 U.S. Dist. LEXIS 19138, at *26; Dimension Data N. Am., Inc. v. NetStar-1, Inc., 226 F.R.D. 528, 531 (E.D.N.C. 2005); Whitfield v. Hochsheid, 2002 U.S. Dist. LEXIS 12661, at *4 (S.D. Ohio June 27, 2002); Pod-Ners, LLC v. N. Feed & Bean of Lucerne, LLC, 204 F.R.D. 675, 676 (D. Colo. 2002). Nevertheless, "[Rule 26(d)] protects defendants from unwarily incriminating themselves before they have a chance to review the facts of the case and to retain counsel. This important protection maintains the fairness of civil litigation. Courts should not grant leave without some showing of the necessity for expedited discovery. The court must protect defendants from unfairly expedited discovery." Notaro v. Koch, 95 F.R.D. 403, 405 (S.D.N.Y. 1982) (internal citation omitted).

In re Paradise Valley Holdings, Inc., 2005 Bankr. LEXIS 2951 at * 4-6. The Court finds this analysis of the relevant case law regarding expedited discovery to be both thorough and persuasive, and adopts the same herein.

With this jurisprudence, as well as the Rules cited above, in mind, the Court turns to the instant case. During the hearing and in its motion, the plaintiff argued that it believed it would face ongoing damage so long as Everitt was allowed to continue his employment with Merrick in violation of the Agreement. Thus, the Court finds that USEC has shown some need to obtain the discovery in question.

Conversely, the defendants have shown little, if any, prejudice or hardship that they would face if the discovery is allowed. Specifically, the defendants contend that the plaintiff should not be allowed to take the discovery in question, arguing that the plaintiff must make their case at the injunction hearing prior to taking discovery. However, given the statement in the Advisory

5

Committee Notes that expedited discovery may be appropriate in cases involving preliminary injunctions, as well as given the case law cited above, it is clear that there is no basis in law for the defendant's first argument.

The defendants next argue that they would be prejudiced if plaintiff obtained expedited discovery and then sought to take the depositions of the same individuals during regular discovery, thus forcing the defendants to bear the burden of multiple depositions of the same deponents. However, after considering the discovery sought by the plaintiff, which is limited to the circumstances leading to Everitt's employment with Merrick and Everitt's duties and responsibilities as an employee of Merrick, the Court finds that the discovery relevant to the request for expedited discovery is the same discovery that the plaintiff would seek during regular discovery. Accordingly, the Court finds that, at this point, there is little to no danger of multiple depositions of the same parties, because the plaintiff can obtain all the relevant information at this time, without a need for additional deposition of the same deponents. Additionally, given that the Rules specifically do not allow multiple depositions of the same person without leave of Court, Fed. R. Civ. P. 30(a)(2)(A)(ii), the Court finds that the risk of a burden caused by multiple depositions is sufficiently guarded against.

During the hearing, the defendants also argued that if expedited discovery is not allowed prior to the injunction hearing, and the injunction were subsequently denied, then Everitt would remain employed with Merrick until such time as the matter went to trial and a jury found in favor of the plaintiff, but that if expedited discovery were allowed, and the District Court granted the plaintiff's injunction request as a result of evidence obtained during expedited discovery, then Everitt would no longer be able to remain employed through trial, and thus would suffer harm as a

6

result of the expedited discovery, the loss of several months of employment by Merrick.[2] However, this argument fails to establish a cognizable injury to the defendants, as if the District Court were to grant the plaintiff's request for a preliminary injunction, such action would necessarily depend on a showing that Everitt's employment with Merrick was in violation of the Agreement. Thus, his continued employment in violation of that agreement could not justly serve as a basis for refusing to allow discovery. Similarly, if the District Court were to deny the plaintiff's request for a preliminary injunction, then the defendants would again suffer no injury as a result of the expedited discovery, because Everitt would then presumably be allowed to remain employed with Merrick until a jury ruled otherwise. Thus, under neither scenario does the defendants' third argument establish a cognizable prejudice or hardship caused by the expedited discovery.

Accordingly, after considering the filings of the parties and the arguments of counsel, the Court finds that USEC has established a need for the discovery in question. The Court further finds that the plaintiff's need for expedited discovery outweighs any possible prejudice or hardship to the defendant. Therefore, for good cause shown, the plaintiff's motion [Doc. 14] is hereby **GRANTED**. The defendants shall respond to the requests for production of documents attached to the plaintiff's motion [Docs. 14-2. 14-3] within five days of the service of such requests, or, if already served, within five days of the entry of this Order. In addition, the plaintiff shall be allowed to the take the depositions of defendant Everitt and of a representative of defendant Merrick prior to the February 12, 2009, injunction hearing. Such depositions shall be limited to the subject matter established in the plaintiff's motion and the plaintiff shall not be able to take a second deposition of Everitt or

---

[2]The Court notes that these arguments are purely hypothetical, and are in no way indicative of fault on the part of the defendants, of how a jury would find in this case, or of how the District Court will rule at the injunction hearing.

Merrick without leave of the Court and significant good cause shown. Should the parties prove unable to agree upon the timing of the depositions, they are **DIRECTED** to contact chambers to schedule a telephone conference regarding the issue.

**IT IS SO ORDERED.**

**ENTER:**

    s/ C. Clifford Shirley, Jr.
United States Magistrate Judge

8